IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Garland Andrew Horn, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:07cv669 (GBL/TRJ) |
| ) | |
| Mr. Claueau, et al., ) | |
| Defendants. ) | |

### MEMORANDUM OPINION

Garland Andrew Horn, a Virginia inmate proceeding pro se, has filed a civil rights action, pursuant to 42 U.S.C. § 1983. By Order dated August 20, 2007, plaintiff's claims regarding medical care, his transfers, and access to the law library and attendant defendants Ober, Wilson, Hopkins, Berry, Fletcher, Burguess, McCauley, Watts, and Sckinto, were dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim. Additionally, his claims against defendants Quinones, Riley, Reynolds, and Lee were dismissed without prejudice as venue with respect to those claims is improper in the Eastern District of Virginia. Plaintiff's claims against defendants Hughes, Claveau, Bacon, Pryor, Kerry,[1] Fuller, and Reed were ordered to continue and plaintiff was directed to particularize and amend his complaint to explain how, if at all, defendants Gooch, Johnson, Robertson, Green, "Ms. Sarah," "Mr. Jeff," "Mr. Chuck," "Ms. Jessie," "Ms. Darlen," Mr. Webel, Mr. Bennett, and Mr. Willett violated his constitutional rights. On August 29, 2007, plaintiff filed a letter with the Court in which he requested additional time to particularize and amend his complaint as to the latter twelve defendants. By Order dated

---

[1] Plaintiff originally submitted two hand-written copies of his complaint. In one copy of plaintiff's complaint, he identifies a defendant "Mr. Karie" as the twenty-fifth defendant. However, in the second copy, he identifies a defendant "Mr. Kerry" as the twenty-fifth defendant. Thus, plaintiff will be directed to inform the Court of the correct spelling of this defendant's name.

October 3, 2007, plaintiff was granted thirty additional days to particularize and amend his complaint. Plaintiff submitted his amended complaint on October 24, 2007.

In his amended complaint, plaintiff alleges that (1) defendants Gooch, Bennett, and Willett allowed for him to be transferred; (2) defendants Webel, Bennett, Willett, and White denied him access to the grievance system; (3) defendant Johnson used excessive force against him in violation of the Eighth Amendment; (4) defendants Robertson and Green placed him in a restraint chair after he was sprayed with pepper-spray; (5) defendants "Ms. Sarah," "Mr. Jeff," "Mr. Chuck," "Ms. Jessie," "Ms. Darlen," Bennett, and Williams violated his Eighth Amendment rights when they allowed him to be "tortured;" (6) defendants Bennett and Williams encouraged the medical department to refuse him medical attention following the alleged "torture" and prematurely stopped his pain medication; and (7) Dr. Ober has failed to provide him with adequate medical treatment. Upon review of plaintiff's amended complaint, claims 1, 2, 4, 5, 6, and 7 must be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1).[2]

---

[2] Section 1915A provides:

> (a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
> (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

2

## I. Background

Following an altercation with another inmate on January 17, 2007 at Rappahannock Regional Jail, plaintiff alleges that defendants Fuller and Reed used excessive force against him that fractured his jaw. Compl. 2. Plaintiff was subsequently taken to the hospital for treatment and his jaw was temporarily wired shut while he awaited surgery at Pamunkey Regional Jail. In his amended complaint, plaintiff makes numerous allegations against various prison officials at Pamunkey Regional Jail. First, he claims that he was transferred and denied access to the prison grievance system. Amend. Compl. 1-2. Also, he claims that defendant Johnson "maliciously and sadistically assaulted [him] in his broken jaw and the back of [his] head." Amend. Compl. 1. Plaintiff claims further that defendants Robertson and Green placed him in the "torture chair" after he was sprayed with pepper-spray while his jaw was fractured. Id. He alleges that once in the "torture chair," defendants "Ms. Sarah," "Mr. Jeff," "Mr. Chuck," "Ms. Jessie," and "Ms. Darlen" violated his Eighth Amendment rights when they failed to recommend that he be removed from the chair, left him without a mattress for three days while his jaw was broken, and failed to provide him with a special diet for his broken jaw for the five days before his surgery. Amend. Compl. 1-2. Without further explanation, he alleges that defendants Bennett and Williams allowed him to be "tortured" by Cpt. Claveau, encouraged the medical department to refuse him medical attention following the alleged "torture," and prematurely stopped his pain medication. Amend. Compl. 2. Finally, plaintiff again raises a claim of inadequate medical care against Dr. Ober, who was dismissed as a defendant in the Court's August 20, 2007 Order. Amend. Compl. 3-5.

## II. Standard of Review

In reviewing a complaint pursuant to § 1915A, a court must dismiss a prisoner complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1). Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Sumner v. Tucker, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998). Thus, the alleged facts are presumed true, and the complaint should be dismissed only when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

## III. Analysis

Although district courts have a duty to construe complaints by pro se litigants liberally, those complaints must nevertheless allege a cause of action. Bracey v. Buchanan, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999). To state a cause of action under § 1983, a plaintiff must allege facts indicating that he was deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42 (1988). Moreover, plaintiff must allege that each named defendant had personal knowledge of and involvement in the alleged violations of plaintiff's constitutional rights for the action to proceed against that defendant. Plaintiff's amended complaint enumerates six claims. Because claims 1, 2, 4, 5, 6 and 7 do not allege a cause of action under § 1983 against the named defendants, these claims will be dismissed for failure to state a claim. 28 U.S.C. § 1915A(b)(1).

A. <u>Claim 1 - Transfers</u>

Plaintiff alleges that defendants Gooch, Bennett, and Willett violated his rights when they allowed him to be transferred. Amend. Compl. 1-2. It is well-settled that inmates do not have a constitutionally-protected liberty interest in being housed at any particular institution. See Meachum v. Fano, 427 U.S. 215, 224 (1976) (holding that a valid conviction "empower[s] the State to confine [an inmate] in any of its prisons"). Further, Virginia's prison housing assignment regulations do not create a liberty interest in a specific prison housing assignment and prison officials have broad discretion to determine the facility where an inmate is housed. See id.; see also Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991) (noting that prison officials should be granted broad discretion in managing prisons safely and effectively). Therefore, plaintiff's due process rights are not implicated by his routine housing assignment unless the conditions of his confinement diverge so substantially from expected prison conditions as to create an "atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Despite being given multiple opportunities to particularize and amend his complaint, plaintiff has not provided any further description of or information concerning the circumstances surrounding the transfers. Moreover, plaintiff does not contend that the conditions at any of the facilities imposed an atypical and significant hardship on him in relation to the ordinary incidents of his life in prison. Thus, a liberty interest is not implicated and claim 1 must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.

B. <u>Claim 2 - Denial of Access to the Grievance System</u>

In claim 2, plaintiff alleges that defendants Webel, Bennett, Willett, and White denied

5

him access to the prison grievance system. Amend. Compl. 2. Plaintiff has failed to state a claim against these defendants. The Constitution "creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994); Mitchell v. Murray, 856 F.Supp. 289, 294 (E.D.Va. 1994). Because a state's grievance procedure confers no substantive rights upon prison inmates, a prison official's failure to comply with the grievance procedures is not actionable under § 1983. See Adams, 40 F.3d at 75; Mitchell, 856 F.Supp. at 294. Therefore, even if the defendants in claim 2 took some action to deny plaintiff access to the prison grievance system, such an allegation does not state a claim under § 1983. Accordingly, claim 2 will be dismissed. 28 U.S.C. 1915A(b)(1).

C. Claims 4 & 5 - Prison Conditions

In claims 4 and 5, liberally construed, plaintiff alleges that defendants "tortured" him in violation of the Eighth Amendment by spraying him with pepper-spray, placing him in a restraint chair, allowing him to remain in handcuffs and leg-cuffs for two days, failing to provide him with a special diet for the five days preceding his surgery, and failing to provide him with a mattress on which to sleep for three days while his jaw was broken. To establish a claim of cruel and unusual punishment, plaintiff must allege and prove (1) an objectively serious deprivation of a basic human need, one causing serious physical or emotional injury and (2) that prison officials acted with deliberate indifference to his needs. Farmer v. Brennan, 511 U.S. 825, 834 (1994); see Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (defining serious deprivation as evidence of a serious medical and emotional deterioration attributable to the challenged condition). As to the first prong, the Supreme Court has stated that "[t]he Constitution, 'does not mandate comfortable prisons,' and only those deprivations denying 'the minimal civilized

measure of life's necessities,' are sufficiently grave to form the basis of an Eighth Amendment violation." Wilson v. Seiter, 501 U.S. 294, 298 (1991) (citing Rhodes v. Chapman, 452 U.S. 337, 347, 349 (1981)). Thus, the deprivation must result in a serious injury to the prisoner. Strickler, 989 F.2d at 1381 ("If a prisoner has not suffered serious or significant physical or mental injury as a result of the challenged condition, he simply has not been subjected to cruel and unusual punishment within the meaning of the [Eighth] Amendment.").

With respect to plaintiff's allegations that he remained in handcuffs and leg-cuffs for two days, there is no indication from the amended complaint that plaintiff suffered any pain or injury sufficiently serious to state a violation of the Eighth Amendment. Likewise, as to his allegations that he was not provided with a soft diet for five days or a mattress for three, plaintiff does not allege any injury rising to the level of an Eighth Amendment violation.

As to plaintiff's allegations concerning his placement in the restraint chair and being sprayed with pepper-spray, courts use an excessive force analysis to determine the existence of an Eighth Amendment violation and hold that prisoners fail to state a claim of excessive force if they are not able to demonstrate more than a de minimis injury. See Williams v. Benjamin, 77 F.3d 756, 761-64 (4th Cir. 1996); Jackson v. Morgan, 19 Fed. Appx. 97, 103 (4th Cir. 2001) (unpublished opinion); Davis v. Lester, 156 F. Supp. 2d 588, 593-94 (W.D. Va. July 26, 2001). However, the Fourth Circuit has defined two types of extraordinary circumstances that give rise to an excessive force claim where a plaintiff suffered only a de minimis injury: (1) when the force used is of a sort repugnant to the conscience of mankind or (2) the pain itself is such that it can properly be said to constitute more than de minimis injury. Norman v. Taylor, 25 F.3d 1259, 1264 n.4 (4th Cir. 1994). Here, plaintiff neither avers that he endured an injury or pain nor does

7

he provide factual details to suggest that the force prison officials used, in spraying him with pepper spray or placing him in a restraint chair, was repugnant to the conscience of mankind. As plaintiff has not alleged that he suffered any pain or injury as a result of the conditions alleged in claims 4 or 5, much less an injury sufficiently serious to state a claim under the Eighth Amendment, claims 4 and 5 must be dismissed for failure to state a claim. 28 U.S.C. 1915A(b)(1).

### D. Claims 6 & 7 - Denial of Adequate Medical Care

Liberally construed, in claims 6 and 7, plaintiff alleges that defendants Bennett, Williams, and Dr. Ober failed to provide him with necessary medical attention. Prisoners are entitled to reasonable medical care and can sue prison officials under the Eighth Amendment if such care is inadequate. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). However, in order to establish that inadequate medical treatment rises to the level of a constitutional violation, a plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Id. at 105; see also Staples v. Virginia Dep't of Corr., 904 F. Supp. 487, 492 (E.D. Va. 1995). An assertion of mere negligence or malpractice is not enough to constitute an Eighth Amendment violation. Estelle, 429 U.S. at 106; Daniels v. Williams, 474 U.S. 327, 328 (1986); Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). Additionally, a prisoner's disagreement with medical personnel over the course of his treatment does not make out a cause of action. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975) (per curiam); Harris v. Murray, 761 F. Supp. 409, 414 (E.D. Va. 1990).

Following the "torture" that plaintiff alleges he suffered, he claims that Bennett and Willett caused the medical department to refuse to provide him with medical attention and

8

prematurely stop his pain medication. Amend. Compl. 2. However, plaintiff fails to support this claim with any allegations of fact. Thus, he has not established either a serious medical need or deliberate indifference and claim 6 must be dismissed. 28 U.S.C. 1915A(b)(1).

Additionally, plaintiff requests that the Court add Dr. Ober as a defendant. Amend. Compl. 3. However, Dr. Ober was dismissed as a defendant in the Court's August 20, 2007 Order. Additionally, the claims that plaintiff raises in claim 7 of his amended complaint against Dr. Ober are identical to those raised in his original complaint. See Compl. 25-26; Amend. Compl. 3-5. For the reasons stated in the Court's August 20, 2007 Order, plaintiff does not state a claim against Dr. Ober, and claim 7 must be dismissed. 28 U.S.C. 1915A(b)(1).

## IV. Motion for Appointment of Counsel

Also before the Court is plaintiff's Motion for Appointment of Counsel, which is included in his amended complaint. A court may request an attorney to represent an indigent plaintiff proceeding in forma pauperis. 28 U.S.C. § 1915(e)(1). The Fourth Circuit, however, has limited the appointment of counsel to cases where "exceptional circumstances" exist, such as cases with particularly complex factual and legal issues or with a litigant who is unable to represent himself adequately. Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984). It is unnecessary at this time to appoint counsel for plaintiff. Plaintiff has made no showing of "exceptional circumstances" in his case that would warrant appointment of counsel. To date, plaintiff has ably filed his pleadings and replied to the Court's various orders. Thus, his Motion for Appointment of Counsel will be denied.

## V. Conclusion

For the above reasons, plaintiff has failed to state a claim against any of the named

defendants in claims 1, 2, 4, 5, 6, and 7. Accordingly, those claims and attendant defendants will be dismissed with prejudice for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1). An appropriate Order shall issue.

Entered this 30th day of November 2007.

/s/
Gerald Bruce Lee
United States District Judge

Alexandria, Virginia